UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80841-WPD

DAVID RAMNARINE,

        Plaintiff,

v.

OLEN PROPERTIES CORP.,

        Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

      COMES NOW Defendant, OLEN PROPERTIES CORP., by and through its undersigned counsel and hereby files this Answer and Affirmative Defenses and states as follows:

      1.     Admitted that Plaintiff purports to bring this claim under the ADA and that this Court has jurisdiction over such provisions, but denied as to the implication in paragraph one of the complaint that Plaintiff can proceed in this case with any type of action against the Defendant.

      2.     Admitted that venue lies in this district given that the property at issue herein is located within the Souther District of Florida. However, Defendant expressly denies any implication of liability to the Plaintiff herein.

      3.     Defendant is without knowledge as to whether Plaintiff is an individual residing in this district who is over 18 years of age and so juris and is further without knowledge as to whether Plaintiff is disabled as such as term is defined by the ADA and is substantially limited in performing one or more major life activities including the inability to walk or stand due to permanent damage

to his spinal cord caused by spinal cancer in 1990. Defendant is further without knowledge as to whether the Plaintiff must use a wheelchair to ambulate and whether Plaintiff drives his own vehicle and has a valid disabled parking permit from the Florida Department of Highway and Safety Motor Vehicles. Defendant denies each and every remaining allegation of paragraph 3.

4. Admitted that Defendant transacts business in this judicial district within the state of Florida and is the owner of the subject property. Defendant denies the remaining allegations of paragraph 4.

5. Defendant admits that Congress enacted the ADA and by way of further answer states that the statutory provisions set forth in paragraph five of the Amended Complaint speak for themselves and therefore no response is required. To the extent that the allegations in paragraph five allege or attempt to allege or imply wrongful or improper acts or non compliance with the law, Defendant denies them.

6. Defendant admits that Congress enacted the ADA and by way of further answer states that the statutory provisions set forth in paragraph six of the Amended Complaint, including Title III thereof, speak for themselves and therefore no response is required. To the extent that the allegations in paragraph six allege or attempt to allege or imply wrongful or improper acts or non compliance with the law, Defendant denies them.

7. Defendant admits that Congress enacted the ADA and that the Attorney General published revised regulations and by way of further answer states that the foregoing provisions set forth in paragraph seven of the Amended Complaint speak for themselves and therefore no response is required. To the extent that the allegations in paragraph seven allege to attempt to allege or imply wrongful or improper acts or non compliance with the law, Defendant denies them.

8. Denied as phrased.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that this Court has the authority to grant injunctive relief, however Defendant denies that Plaintiff is entitled to any injunctive relief in this action. Denied as to all remaining allegations of paragraph 17.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff lacks standing to bring an action for relief against Defendant in that Plaintiff's desire to seek access to Defendant's premises is not for the purpose of using Defendant's facilities or obtaining access to the goods and services therein, but solely for the purpose of determining Defendant's compliance with the American Disabilities Act (ADA) and to gather evidence for prosecution of this law suit.

2. The modifications, removals and/or other related requests demanded by the Plaintiff are either not readily achievable, not reasonable, not required, and/or technically feasible.

3. Plaintiff has demanded modifications to Defendant's property that could pose a significant threat to the health and safety of individuals with disabilities, and others.

4. Plaintiff has no reasonable grounds for belief that they, or any person similarly situated, has been, or will be, subject to discrimination in violation of the ADA and/or applicable state law.

5. Without otherwise admitting the validity of the allegations of Plaintiffs' Complaint, Defendant states that it reasonably believes the subject property to be in compliance with all reasonable accessibility and/or accommodation requirements of the ADA and/or applicable state law.

6. Without otherwise admitting the validity of the allegations of Plaintiffs' Complaint, Defendant states that it has made all readily achievable and technically feasible efforts to comply with the ADA and/or applicable state law.

7. Without otherwise admitting the validity of the allegations of Plaintiffs' Complaint, Defendant states that it is not required to make structural alterations to the subject premises, and any new construction standards of the ADA and/or applicable state law are inapplicable.

8. Without otherwise admitting the validity of the allegations of Plaintiffs' Complaint, Defendant states that it has done equity, and reasonably attempted to comply with the requirements of the ADA and/or applicable state law, such that the grant of injunctive relief would be inequitable to the Defendant.

9. Without otherwise admitting the validity of the allegations of Plaintiff's Complaint, Defendant states Plaintiff has no standing to asset or complain of alleged barriers to access that are not related to his alleged disability.

10. Without otherwise admitting the validity of the allegations of Plaintiffs' Complaint, Defendant states Plaintiffs have no standing to assert or complain of alleged barriers to access of which they were unaware at the time of filing of the Complaint.

11.     Without otherwise admitting the validity of the allegations of Plaintiff's Complaint, Defendant states Plaintiff has no standing to seek prospective injunctive relief, having alleged past discrimination that is unlikely to be repeated.

12.     Plaintiff seeks modifications beyond what is readily achievable and which would require fundamental alterations, impose an undue burden or hardship, or structurally impracticable.

13.     Defendant has made efforts and attempts in good faith to comply with its obligations under the ADA.

Respectfully submitted,

    /s/ Kenneth E. Zeilberger
Kenneth E. Zeilberger, Esq.
Florida Bar No. 780502
kzeilberger@ssclawfirm.com
SACHS SAX CAPLAN
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, Florida 33487
Telephone:     (561) 994-4499
Facsimile:      (561) 994-4985
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF on all parties listed below on this _____ day of August, 2016.

      /s/ Kenneth E. Zeilberger
    Kenneth E. Zeilberger, Esq.

Drew M. Levitt, Esq.
DML2@bellsouth.net
Lee D. Sarkin, Esq.
lsarkin@aol.com
*Attorneys for Plaintiff*
4700 NW Boca Raton Boulevard, Suite 302
Boca Raton, Florida 33431
(561) 994-6922
(561) 994-0837 facsimile